## PETER OHLQUIST, Respondent, v. A. F. TURNER, Sheriff of Grand Forks County, North Dakota, Appellant.

(191 N. W. 481.)

**Fraudulent conveyance — conveyance from daughter to father held not to hinder or defraud creditors.**

Under a writ of attachment and execution, the defendant sheriff levied on certain land of the plaintiff as the property of his daughter, Celia Rostad. The claim was that she had conveyed the property to her father to defraud creditors. *Held,* that the conveyance was made and taken in good faith and for a fair and valuable consideration, and not to hinder or defraud any creditor.

Opinion filed December 5, 1922.

Fraudulent Conveyances, 27 C. J. § 775 p. 827 n. 99, p. 828 n. 9.

Appeal from the District Court of Grand Forks County, *Cooley,* J. Affirmed.

*Feetham & Fraine,* for appellant.

The court have consistently and times without number set aside as fraudulent, attempted transfers when earmarked with badges of fraud.

Some of the facts, conditions and circumstances constituting such badges of fraud are:

Incorrect statement of consideration. Lombard v. Dows, 23 N. W. 649; Taylor v. Wendling, 24 N. W. 40; Rice v. Momar, 25 N. W. 668; Williston v. Desenberg, 2 N. W. 204.

Suits pending against grantor at time of execution of instrument of conveyance. Weir v. Day, 10 N. W. 304.

That property conveyed was all of debtor's property, when insolvent, or being pressed for payment. Leffel v. Schermerhorn, 14 N. W. 418; Bathgate v. Perry, 10 N. W. 820; Welch v. Bradley, 48 N. W. 440; Beels v. Flynn, 44 N. W. 732; Karl v. Kuhn, 57 N. W. 379; Rindskopf v. Myers, 57 N. W. 967.

Note.—It is generally held that an insolvent debtor has the right to prefer his creditors and that a bona fide creditor may in good faith obtain a transfer of property from an insolvent debtor to secure himself, where the value of the property does not exceed the debt, as will appear by an examination of the authorities collated in a note in 36 L.R.A. 335, on right of creditor to buy property from his debtor in satisfaction of the debt; 12 R. C. L. 576 et seq.; 2 R. C. L. Supp. 1458.

A secret reservation in favor of grantor. Newell v. Wagness, 1 N. D. 62; 20 Cyc. 559.

It is immaterial that the interest is not of great value. 20 Cyc. 565, note 30.

Conveyance absolute when intended as mortgage. 20 Cyc. 446.

Consideration less than fair value of property. 20 Cyc. 441 and cases cited.

*Chas. A. Lyche,* for respondent.

Parties to a transaction may always come into court and show the utmost good faith, even when the circumstances are such as to excite suspicion. Williams v. Harris (S. D.) 54 N. W. 926.

Appellant has entirely overlooked the next section of the Code (5600) which reads as follows: "No instrument is to be avoided under the last preceding section in favor of a subsequent purchaser or incumbrancer having notice thereof at the time his purchase was made or his lien acquired, unless the person·in whose favor the instrument was made was privy to the fraud intended." Barnhart v. Anderson (S. D.) 118 N. W. 31; Feder v. Ervin (Tenn.) 36 L.R.A. 335.

"A person in embarrassed circumstances, but capable of contracting, may sell his property for the purpose of discharging his debts, for such consideration as he may agree to accept; and if there be nothing illegal in the transaction, it will stand as against his creditors, and mere inadequacy in honest family settlements is not a badge of fraud." Voorhees v. Blanton, 83 Fed. 234; Bank v. O'Leary, 13 S. D. 204, 83 N. W. 45; Dalrymple v. Trust Co. 9 N. W. 306, 83 N. W. 245.

"A slight excess in value will not invalidate a conveyance or transfer. In such cases the law allows room for ordinary differences of opinion, and will not weigh the estimates of values in too exacting a balance." Levy v. Williams, 79 Ala. 179.

The pendency of a suit will not overturn a conveyance made in good faith and for value. Ray v. Roe, 18 Am. Dec. 159.

"The burden is upon the contesting creditor to establish by competent evidence the fact of a secret trust or reservation for the profit of the seller or grantor." 20 Cyc. 565, and cases cited.

Robinson, J. The plaintiff sues to enjoin the levy of an attachment and execution in an action in which Hamilton company, a corporation, is plaintiff and Celia M. Rostad and H. Rostad are defend-

ants. The levy was made on a one-third interest in certain land which Celia Rostad had owned and had conveyed to her father, the plantiff. The answer charges that the conveyance of Celia to her father was made and accepted with intent to delay and defraud Hamilton Company, the plaintiff in the attachment suit. The trial court gave judgment in favor of plaintiff and the defendant appeals. The defense is based on this statute:

Comp. Laws, 1913, § 7220: "Every transfer of property or charge thereon made, every obligation incurred and every judicial proceeding taken with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor and their successors in interest and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

The case presents only a single question of fact, namely; was the deed from Celia to her father made and taken with intent to delay or defraud creditors? The testimony is quite voluminous and to some extent it is conflicting, but on the whole it shows that the conveyance in question was not made or taken with intent to delay or defraud creditors.

The land in question is a part of a half section adjacent to the village of Northwood, and some lots in Northwood on which the plaintiff has for many years resided. The title to all of the property was in the name of plaintiff's wife. She died, leaving her husband and two daughters, each of whom succeeded to a one-third interest in the estate. On February 19, 1916, his daughter, Celia, sold and conveyed to the plaintiff her one-third interest in the property by deed recorded March 6, 1916. The deed was made in consideration of $4,000 or more, which was actually paid. On March 25, 1917, under warrant of attachment issued in the suit of  Hamilton Company against Celia Rostad and H. Rostad, the defendant, as sheriff of Grand Forks county, levied an attachment against the one-third interest which Celia had inherited from her mother and conveyed to her father, the claim being that her conveyance was in fraud of creditors.

As the testimony shows, the daughter was in needy circumstances. For a year prior to the conveyance she had been living on money borrowed from her father. She owed at a bank in St. Johns, Oregon, a large sum secured by a mortgage on her title to the land. The bank

threatened to foreclose. The father refused to pay the mortgage or to give her any more money only on condition that she sell him her title to the land. So she made the deed in question. The father paid on her mortgage to the bank, $1,729.46. He made several other payments to the daughter, making the total sum of $4,000. It was purely a business transaction. The father wanted to preserve intact the property which he had held and occupied for nearly two score years. He wanted to protect himself and do the fair thing by his daughter. His deal was one of common sense and a common honesty. It was far from anything in the nature of a fraud or a sham.

Judgment affirmed.

BIRDZELL, Ch. J., CHRISTIANSON, and GRACE, J. J., concur.

BRONSON, J., concurs in result.